UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID LUBINSKI, RYAN R. KENNY, MICHAEL A. CORNALE, ANTHONY SANTIAGO, DIEGO D. DIAS and SEAN MORELLI, individually and on behalf of all other persons similarly situated, | ECF CASE |
| | No.: 1:23-CV-02825-JLR |
| Plaintiffs, | |
| v. | |
| JOHNSON CONTROLS, INC., | |
| Defendant. | |

Dated: January 9, 2024
      New York, New York

LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
*Plaintiffs' Counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT.........................................................................................................1

PROCEDURAL HISTORY................................................................................................................2

STATEMENT OF RELEVANT FACTS ...........................................................................................2

LEGAL ARGUMENT.......................................................................................................................4

      I.      DEFENDANT'S VIOLATIONS OF NEW YORK LABOR LAW SECTIONS 195.1 AND 195.3 HAVE CAUSED PLAINTIFFS TO SUFFER CONCRETE INJURIES, CONFERRING STANDING UNDER ARTICLE III. .......................................................4

CONCLUSION..................................................................................................................................9

TABLE OF AUTHORITIES

Cases

*Calcano v. Swarovski N. Am. Ltd.*,
  36 F.4th 68 (2d Cir. 2022)............................................................................................ 4

*Deng v. Frequency Electronics, Inc.,*
  No. 21 Civ. 6081 (BMC), 2022 U.S. Dist. LEXIS 206390 (E.D.N.Y. Nov. 14, 2022)............. 7

*Garrido v. House of Salads One LLC,*
  No. 20-cv-6072 (PKC), 2022 U.S. Dist. LEXIS 58496 (E.D.N.Y. Mar. 30, 2022).................... 8

*John v. Whole Food Markets Grp., Inc.*,
  858 F.3d 732 (2d Cir. 2017)........................................................................................... 4

*Lipstein v. 20X Hosp. LLC*,
  No. 22-cv-4812 (JLR)(JW), 2023 U.S. Dist. LEXIS 167615
  (S.D.N.Y. Sept. 19, 2023) ........................................................................................ 5, 6, 7, 8

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ........................................................ 4

*Mateer v. Peloton Interactive, Inc.*,
  22-cv-740 (LGS), 2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022)....................... 5, 8

*Thompson v. Elev8 Ctr. N.Y., LLC*,
  2023 U.S. Dist. LEXIS 122504 (S.D.N.Y. July 17, 2023).................................................... 5, 8

*TransUnion LLC v. Ramirez,*
  141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) ...................................................................... *passim*

PRELIMINARY STATEMENT

Defendant Johnson Controls, Inc. failed its obligations under New York Labor Law Sections 195.1 and 195.3 to provide Plaintiffs with the required Notice of Acknowledgement of Payrate and Payday and provide them with accurate wage statements with each payment. This has had real consequences for Plaintiffs: it deprived them from knowing that they were being unlawfully paid and thereby deprived them from taking earlier legal action to remedy Defendant's unlawful compensation policies. This has caused them true monetary harm and is enough for them to have Article III standing to assert these claims post-*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021).

Multiple courts, including this Court, have analyzed Labor Law 195.1 and 195.3 claims similar to Plaintiffs'. Those courts have held plaintiffs plausibly allege an injury-in-fact when defendant's statutory violations have caused downstream consequences for the plaintiffs, such as impeding their knowledge of whether they were lawfully paid and timely pursuing legal action. Just as those plaintiffs suffered injuries-in-fact, so too have the Plaintiffs.

Defendant, however, moves to dismiss these claims, arguing Plaintiffs have suffered merely an injury-in-law. In doing so, Defendant gives the impression standing will never exist with these claims. That is simply not the case, as this Court and others have shown. Plaintiffs have Article III standing and Defendant's motion to dismiss these claims should be denied.

## PROCEDURAL HISTORY

On April 4, 2023, Plaintiffs filed their original putative class and collective action Complaint.[1] That pleading asserts a Fair Labor Standards Act unpaid overtime claim (First Cause of Action). It also asserts the following New York Labor Law claims: (i) failure to pay overtime premium pay (Second Cause of Action), (ii) failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment (Third Cause of Action), (iii) failure to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 (Fourth Cause of Action), and (iv) breach of the public works contracts (Fifth Cause of Action). Defendant then filed its June 12, 2023 motion to dismiss, seeking to dismiss the Third and Fourth Causes of Action.[2]

Plaintiffs, in response to the June 12, 2023 motion, filed their June 30, 2023 First Amended Complaint that asserts the same claims as the original Complaint, while addressing the issues raised in Defendant's motion.[3] Following an unsuccessful mediation, Defendant filed a December 12, 2023 motion to dismiss the Third and Fourth Causes of Action.[4]

## STATEMENT OF RELEVANT FACTS[5]

Defendant Johnson Controls is part of a multinational conglomerate that offers and produces the world's largest portfolio of building technology, software and services, including HVAC, fire and security equipment and services for public and private, residential and commercial facilities and buildings. As of 2022, the conglomerate employed 102,000 people across 150

---

[1] April 4, 2023 Complaint (Doc. No. 1).
[2] Doc. No. 9.
[3] Plaintiffs' June 30, 2023 First Amended Complaint ("FAC") (Doc. No. 15).
[4] Doc. No. 38.
[5] This is limited to the relevant allegations.

countries.[6] Defendant employed the Plaintiffs as steamfitters and plumbers in its HVAC Division, performing work on private and public job sites throughout New York State, including New York City.[7]

When it hired them and at no point during their employment, Defendant did not provide Plaintiffs with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1.[8] Defendant also did not provide them with accurate wage statements under N.Y. Lab. Law § 195.3 with any wage payment.[9]

By failing to provide them with the Notice and Acknowledgment of Payrate and Payday and accurate wage statements with every wage payments, Defendant willfully denied Plaintiffs the information needed to determine whether they were being paid in accordance with the applicable prevailing wage rates when working on public job sites, whether they were being paid overtime premium pay at the applicable prevailing wage rates, and whether they were being paid the supplemental benefits they were entitled to.[10] Conversely, had it provided them with the Notice and Acknowledgement of Payrate and Payday and accurate wage statements with every wage payments, Plaintiffs would have had enough information to determine that throughout their employment they were not being paid in accordance with the applicable prevailing wage rates when working on public job sites, they were not being paid overtime premium pay at the applicable prevailing wage rates, and they were not being paid the supplemental benefits they were entitled to.[11]

---

[6] FAC ¶ 20.
[7] FAC ¶ 1.
[8] FAC ¶ 125.
[9] FAC ¶ 126.
[10] FAC ¶ 127.
[11] FAC ¶ 128.

<u>LEGAL ARGUMENT</u>

I.    DEFENDANT'S VIOLATIONS OF NEW YORK LABOR LAW SECTIONS 195.1
      AND 195.3 HAVE CAUSED PLAINTIFFS TO SUFFER CONCRETE INJURIES,
      <u>CONFERRING STANDING UNDER ARTICLE III.</u>

Plaintiffs have standing under Article III to assert their Third and Fourth Causes of Action, as the First Amended Complaint plausibly alleges an injury in-fact arising from Defendant's statutory violations. Namely, they allege Defendant violated the notice and wage statement requirements of New York Labor Law §§ Section 195(1) and 195(3) and that they were injured in fact by such violations because they were prevented from realizing they were being underpaid and taking appropriate, timely action to obtain the payments due to them. As many courts have recognized post-*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021), these allegations adequately plead an injury-in-fact.

At the motion to dismiss stage, the plaintiff "bears the burden of alleging facts that affirmatively and plausibly suggest" they have standing. *Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted). Article III of the United States Constitution confines the judicial power of the federal courts to cases in which plaintiffs show, *inter alia,* they suffered a concrete injury-in-fact and not just an injury-in-law. *TransUnion LLC*, 141 S. Ct. 2190, 2203 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The Second Circuit has described the injury-in-fact requirement as a "low threshold." *John v. Whole Food Markets Grp., Inc*., 858 F.3d 732, 736 (2d Cir. 2017).

The Supreme Court's decision in *TransUnion* explains the difference between an injury-in-fact and an injury-in-law. A "concrete" harm, for purposes of Article III standing, is something with at least a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts – such as physical harm, monetary harm, or various intangible harms."

*TransUnion*, 141 S. Ct. 2190 at 2200. In applying this test on the standing question, the Supreme Court held that class members whose misleading reports were actually disseminated by the agency to third-party businesses stated a concrete injury sufficient to establish standing. *Id.* at 2208. The Court, by contrast, held the remaining class members – those whose misleading information was never actually disseminated to anyone—did not suffer a harm in fact; they suffered a "risk of future harm," which does not suffice to confer standing. *Id.* at 2209-11.

Many courts post-dating *TransUnion*, in denying a motion to dismiss, have held plaintiffs have plausibly alleged an injury-in-fact when a defendant violates New York Labor Law Sections 195.1 and 195.3. In *Mateer v. Peloton Interactive, Inc.*, 22-cv-740 (LGS), 2022 U.S. Dist. LEXIS 125017 (S.D.N.Y. July 14, 2022), the plaintiffs asserted unpaid overtime claims and defendant's failure to provide them with accurate wage statements. The plaintiffs went on to allege that, without those accurate wage statements, no way existed for them to accurately confirm that they were being paid properly, which resulted in them being underpaid. That was enough to sufficiently allege a concrete harm. *Id.*

In another post-*TransUnion* case, the plaintiffs asserted Section 195.1 and 195.3 claims and alleged that defendants' failures "actually harmed" them by depriving them of the "ability to contest wage calculations" and "to further delay providing proper compensation to low wage earners," resulting "in delayed payment of all proper wages." *Thompson v. Elev8 Ctr. N.Y., LLC*, 2023 U.S. Dist. LEXIS 122504, at * 21 (S.D.N.Y. July 17, 2023). The court held these allegations plausibly set forth a "monetary injury" and that it has jurisdiction to hear the claims. *Id.*

This Court, likewise, rejected many of the same arguments Defendant makes. *See Lipstein v. 20X Hosp. LLC*, No. 22-cv-4812 (JLR)(JW), 2023 U.S. Dist. LEXIS 167615 (S.D.N.Y. Sept. 19, 2023). There, like here, the plaintiff alleged defendants violated the notice and wage statement

requirements of Labor Law Sections 195.1 and 195.3 and these violations caused an injury-in-fact because plaintiff and other employees were "prevented from: (i) realizing their true hours worked; (ii) realizing they were underpaid; and (iii) taking appropriate action to obtain the payments due to them." *Id.* at * 25. This Court held, based on these allegations, "Plaintiff has adequately pleaded injury in fact here." *Id.* And this Court went on to explain how these allegations satisfy *TransUnion*:

> Plaintiff has plausibly alleged that he was monetarily harmed because he did not receive information about his rate of pay and accurate wage statements, as required by the statute, which hurt his ability to assess whether he was being properly paid and therefore promptly raise issues of underpayment with his employer. Plaintiff was therefore monetarily harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. *This harm is a tangible downstream consequence of the failure to receive required information*.

*Id.* at 25 (citing *TransUnion*, 141 S.Ct. at 2214) (emphasis added).

Plaintiffs' allegations are consistent with these post-*TransUnion* cases. They assert Defendant violated N.Y. Lab. Law § 195.3 by failing to provide them with accurate wage statements with every wage payment[12] and violated N.Y. Lab. Law § 195.1 by failing to provide the Notice and Acknowledgement of Pay Rate and Pay Day[13]. They go on to plausibly explain the consequences of these statutory violations:

> By Johnson Controls failing to provide Plaintiffs . . . with the Notice and Acknowledgment of Payrate and Payday and wage statements with every wage payments, it willfully denied them the information needed to determine whether they were being paid in accordance with the applicable prevailing wage rates when working on public job sites, whether they were being paid overtime premium pay at the applicable prevailing wage rates, and whether they were being paid the supplemental benefits they were entitled to.[14]

---

[12] FAC ¶¶ 126, 157, Third Cause of Action.
[13] FAC ¶¶ 125, 159, Fourth Cause of Action.
[14] FAC ¶ 127.

They also plausibly explain what would have happened had Defendant complied with its statutory obligations:

> Had Johnson Controls provided Plaintiffs . . . with the Notice and Acknowledgement of Payrate and Payday and wage statements with every wage payments, they would have had enough information to determine that throughout their employment they were not being paid in accordance with the applicable prevailing wage rates when working on public job sites, they were not being paid overtime premium pay at the applicable prevailing wage rates, and they were not being paid the supplemental benefits they were entitled to.[15]

Plaintiffs thus plausibly allege how Defendant's statutory violations created a tangible, monetary harm that has had downstream consequences. Plaintiffs' allegations, in fact, closely mirror the allegations in *Lipstein* in that they explain how Defendant's statutory violations impeded Plaintiffs from knowing they were underpaid and taking prompt action to remedy it. Just as those allegations were sufficient there, Plaintiffs have "adequately pleaded injury in fact here," satisfying *TransUnion. Lipstein*, 2023 U.S. Dist. LEXIS 167615, at * 25. Plaintiffs also plausibly allege they are similar to the subset of *TransUnion* class members whose erroneous information was shared and who did have standing. Plaintiffs here actually received inaccurate wage notices, which did not list their accurate wage rates, preventing them from knowing and to what extent they were underpaid. Accordingly, the injury suffered by Plaintiffs is not merely hypothetical; it meets the test set in *TransUnion*.

The allegations in the First Amended Complaint separate this case from other cases, some of which Defendant relies on, where plaintiffs only pled technical violations and did not sufficiently explain the actual harms they suffered, resulting in the courts dismissing their WTPA claims. *See, e.g., Deng v. Frequency Electronics, Inc.,* No. 21 Civ. 6081 (BMC), 2022 U.S. Dist. LEXIS 206390 (E.D.N.Y. Nov. 14, 2022) ("Plaintiff's complaint contains no allegations that she

---

[15] FAC ¶ 128.

was somehow injured merely because of the failure to provide the required notice and statements."); *Garrido v. House of Salads One LLC,* No. 20-cv-6072 (PKC), 2022 U.S. Dist. LEXIS 58496, at *7 (E.D.N.Y. Mar. 30, 2022) (noting that plaintiffs did not allege more than "[t]echnical statutory violations that do not lead to . . . a tangible injury"). The allegations here go beyond alleging mere statutory violations.

Defendant, however, argues Plaintiffs plead only an injury-in-law, not in-fact.[16] Yet the courts in *Mateer v. Peloton Interactive, Inc*., *Thompson v. Elev8 Ctr. N.Y., LLC* and *Lipstein v. 20X Hosp. LLC* considered similar allegations and held they plausibly allege an injury-in fact. Defendant further argues these allegations do not allege any downstream consequences. Yet this Court in *Lipstein*, when examining similar allegations, held just the opposite. *Lipstein*, 2023 U.S. Dist. LEXIS 167615, at * 25 ("This harm is a tangible downstream consequence of the failure to receive required information.").

Defendant also argues Plaintiffs could not have been injured because, in their First Amended Complaint, they allege how much they should have been paid.[17] Yet the critical issue is whether, prior to the lawsuit, they knew whether they were being lawfully paid and were harmed during that period. Tellingly, Defendant does not cite any case that holds a plaintiff did not suffer an injury-in-fact because, after engaging counsel, it then confirmed in the complaint that it was being unlawfully paid.

Plaintiffs, accordingly and contrary to Defendant's arguments, plausibly allege they have standing under Article III to assert their Third (Labor Law § 195.3 claim) and Fourth (Labor Law § 195.1 claim) Causes of Action. The Court thus has jurisdiction over these claims and Defendant's motion should be denied.

---

[16] Def. MOL at 5.
[17] Def. MOL at 6.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit the Court should deny Defendant's

Motion to Dismiss the Third and Fourth Causes of Action of the First Amended Complaint.

Dated:  New York, New York
        January 9, 2024

                                    Respectfully submitted,


                                    s/ Douglas B. Lipsky
                                    Douglas B. Lipsky
                                    LIPSKY LOWE LLP
                                    420 Lexington Avenue, Suite 1830
                                    New York, New York 10170
                                    212.392.4772
                                    doug@lipskylowe.com