UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LUBINSKI, RYAN R. KENNY, MICHAEL A. CORNALE, ANTHONY SANTIAGO, DIEGO D. DIAS, and SEAN MORELLI, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

JOHNSON CONTROLS, INC.,

Defendant.

Case No. 1:23-cv-02825 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

WHEREAS Plaintiffs are steamfitters and plumbers for Defendant Johnson Controls, Inc. and filed an Amended Complaint on June 30, 2023, bringing several federal and state wage-and-hour claims against Defendant, Dkt. 15 ("Am. Compl."), including a claim under N.Y. Labor Law § 195.3 for failing to provide an accurate wage statement with every wage payment (the "Third Cause of Action"), and for failing to provide notices of their payrate and payday under N.Y. Labor Law § 195.1 (the "Fourth Cause of Action"), *id.* ¶¶ 5, 154-161;

WHEREAS, on December 12, 2023, Defendant filed a motion to dismiss the Third and Fourth Causes of Action under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject-matter jurisdiction, arguing that Plaintiffs lack Article III standing to assert those claims, Dkt. 38-1 ("Br.");

WHEREAS, on January 9, 2024, Plaintiffs filed their opposition brief, Dkt. 42;

WHEREAS, on January 23, 2024, Defendant filed its reply brief, Dkt. 43;

WHEREAS, to survive a motion to dismiss under Rule 12(b)(1) challenging Article III standing brought solely on the complaint and any attached exhibits, "the plaintiff bears no

evidentiary burden, and the district court must evaluate whether those documents allege facts that plausibly suggest that the plaintiff has standing to sue." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). When a defendant brings a facial, as opposed to fact-based, standing challenge under Rule (b)(1), the district court accepts as true all material factual allegations in the complaint and draws all reasonably inferences in the plaintiff's favor. *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 140 (2d Cir. 2021);

WHEREAS, "[u]nder Article III of the U.S. Constitution, '[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Id.* at 141 (quoting U.S. Const. art. III §§ 1-2). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). To establish Article III standing, a plaintiff must demonstrate "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992));

WHEREAS, in the context of statutory violations, the Supreme Court clarified in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021), that a plaintiff does not have standing unless the plaintiff has suffered concrete harm under Article III. The Supreme Court held that "under Article III, an injury in law is not an injury in fact" and "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* (emphasis omitted). A "concrete" harm is something with at least a "'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts – such as physical harm, monetary harm, or various intangible harms." *Id.* at 417 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016));

WHEREAS, Defendant argues that Plaintiffs do not have standing to bring the Third and Fourth Causes of Action because they have not alleged an injury in fact under *TransUnion*, *see* Br. at 5-10;

IT IS HEREBY HELD THAT Plaintiffs have pleaded injury in fact sufficient to satisfy Article III standing to bring the Third and Fourth Causes of Action. Plaintiffs allege that Defendant's failure to provide Plaintiffs with the required wage statements and notices of pay rate and paydays "harmed them by denying them the information necessary to determine whether they were being paid in accordance with the applicable prevailing wage rates when working on public job sites, whether they were being paid overtime premium pay at the applicable prevailing wage rates, and whether they were being paid the supplemental benefits they were entitled to." Am. Compl. ¶¶ 156, 160. This Court has already held that allegations such as these are sufficient to satisfy Article III standing under *TransUnion* and has found contrary district-court cases to be unpersuasive. *See Lipstein v. 20X Hosp. LLC*, No. 22-cv-04812 (JLR), 2023 WL 6124048, at *8-12 (S.D.N.Y. Sept. 19, 2023).

Therefore, Defendant's partial motion to dismiss is DENIED. Defendant shall file its Answer to the Amended Complaint by July 30, 2024. The Clerk of Court is respectfully requested to terminate the motion at Dkt. 38.

Dated: July 9, 2024
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge